UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| BYRON K. HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 6: 16-095-DCR |
| v. ) | |
| ) | |
| MARY S. HAMMONS, JAILER, KNOX ) | |
| COUNTY DETENTION CENTER,[1] ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate/Petitioner Byron K. Howard is confined at the Knox County Detention Center located in Barbourville, Kentucky. Proceeding without an attorney, Howard has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1], challenging the denial of bail and/or the amount of the cash bond established in his state court criminal proceeding. This Court must abstain from interfering with the state court's decision regarding bail and/or the setting of bond for release pending final disposition. As a result, it will deny Howard's § 2241 petition and dismiss this proceeding.

---

[1] Howard did not name the Respondent to this proceeding. As a result, the Clerk of the Court has, for administrative purposes, identified the Respondent as the "Jailer at the Knox County Detention Center." According to the website of the Knox County Detention Center, Mary S. Hammons is current Jailer of that facility. *See* http://www.knoxcountydetention.com/jailer.html (last visited on June 20, 2016). Accordingly, the Clerk of the Court will be instructed to identify, on the CM/ECF cover sheet, "Mary S. Hammons, Jailer of the Knox County Detention Center," as the Respondent.

## I.

On June 24, 2011, Howard was charged in the Knox County, Kentucky, Circuit Court with manufacturing methamphetamine. *Commonwealth v. Byron Howard*, No. 11-CR-00128 ("the Knox County Case") On April 8, 2015, Howard entered an *Alford* plea, was convicted of the drug offense, and received a 10-year suspended prison sentence, which included three years of unsupervised release.

On August 21, 2015, Howard was arrested and charged in the Laurel County, Kentucky, Circuit Court with possession of a controlled substance (methamphetamine) in the first degree; operating a motor vehicle under the influence of alcohol and drugs; and buying/possession of drug paraphernalia. *Commonwealth v. Byron Howard*, No. 15-CR-00183 ("the First Laurel County Case"). The First Laurel County Case is currently pending. On August 24, 2015, Howard was again charged in the Laurel Circuit Court with bail jumping in the first degree and being a persistent felony offender in the second degree. *Commonwealth v. Byron Howard*, No. 15-CR-00203 ("the Second Laurel County Case"). The Second Laurel County Case also remains pending. The docket sheets indicate that the Laurel Circuit Court permitted Howard to post a $50,000 cash bail bond in both cases.

Howard's subsequent arrest and the resulting charges filed against him in the two Laurel County cases triggered prosecutorial action in the Knox County Case. The docket sheet of the Knox County Case states, "**NO BAIL SET (DEF MAY NOT POST BOND)** for $0.00 set on 07/28/15," which indicates that on July 28, 2015, the Knox Circuit Court denied bail for Howard. But on May 20, 2016, the Knox Circuit Court entered an order

setting a $100,000 cash bond, which the docket sheet specifies is to operate "…consecutive to Laurel County Case." The docket sheet from the Knox County Case further reveals that on June 4, 2016, an "Order Certifying Need for Special Judge" was entered.

On June 2, 2016, Howard filed the present § 2241 petition in which he alleges that, since September 4, 2015, he has been held in state custody without bail on the order of the Knox Circuit Court. Howard alleges the Knox County Circuit Court's refusal to grant him bail, and/or its decision setting a $100,000 cash bond as a condition for pre-trial release, violates his right to due process guaranteed by the Fourteenth Amendment of the United States Constitution; his right to remain free from cruel and unusual punishment guaranteed by the Eighth Amendment of the United States Constitution; and the provisions of Ky. Rev. Stat. § 431.525(1), *Conditions for establishing amount of bail; pilot projects for controlled substance or alcohol abuse testing*. Howard also alleges that the Knox Circuit Court has also denied him a speedy trial in violation of his right to due process under the Fourteenth Amendment. Howard seeks an order from this Court granting him of "…appropriate relief and …. writs of habeas corpus." [Record No. 1, p. 2]

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Howard is not represented by an attorney, the Court evaluates his petition

under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceedings, the Court accepts Howard's factual allegations as true and liberally construes his legal claims in his favor.

Generally, parallel state court proceedings do not prevent a federal court from exercising its jurisdiction to hear and decide a case. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013). In certain "exceptional" situations, however, a federal court must abstain from interfering with pending state court actions. *Id.*; *see also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989).  Ordering a state court to lift a condition of release in a criminal proceeding is precisely the sort of "exceptional situation" from which federal courts should abstain. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* bars federal courts from interfering in a state court proceeding that (1) is ongoing, (2) involves an important state interest, and (3) provides adequate opportunity to raise a constitutional challenge. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).

When the state court proceeding satisfies all three *Younger* requirements, the federal court should dismiss the case, and courts are free to do so even before addressing jurisdiction or proceeding to the merits. *See Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). *Younger* mandates dismissal of Howard's § 2241 petition challenging the bail and/or cash bond requirements imposed in the Knox County Case.  The docket sheet of the Knox County Case reveals that the criminal proceeding is ongoing, and the Sixth Circuit has held that *Younger* bars "even minimal

interference with ... a state proceeding." *J.P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981). And when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong. *Younger*, 401 U.S. at 43. That policy applies "in full force" as soon as the "state criminal proceedings [have] begun." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (holding that *Younger* applied as soon as charges were brought in state court, even though the federal case was already pending). In short, "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"--even when the interference would not actually halt the prosecution altogether. *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980). Here, the criminal proceedings in the Knox County Case have begun and are ongoing for the purposes of *Younger*.

In his § 2241 petition, Howard appears to be asking this Court to inject itself into the Knox County Case; to order the Knox Circuit Court to set bail in an amount acceptable to Howard; and to order a speedy trial, but the *Younger* abstention doctrine prevents a federal court from meddling in the procedures of a state court criminal proceeding. Such action by this Court would "…unduly impede the state's ability to regulate and monitor the activities of pre-trial criminal defendants effectively and efficiently." *Watson v. Kentucky*, No. 7:15-CV-21-ART, 2015 WL 4080062, at *3 (E. D. Ky. Jul 6, 2015) (citing *Wallace v. Kern*, 520 F.2d 400, 405 (2d. Cir. 1975) ("It would indeed be anomalous to hold that *Younger* abstention is applicable in certain civil actions in which the state has some concern but not to a bail application proceeding in which the [state has] a most profound interest."); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) ("It

would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court.").

As this Court has recently explained under similar circumstances, "Federal court intervention here would create a completely unworkable system where state court defendants could run to federal court every time they wanted to argue that bond conditions violated a constitutional or statutory right--claims they are perfectly capable of raising and having adjudicated in state court." *Watson*, 2015 WL 4080062, at *3; *see also Adkins v. Burchett*, No. 0:15-CV-075-HRW, 2015 WL 5945647, at *3 (E. D. Ky. Oct. 13, 2015) (declining to interfere with bail amount established in plaintiff's state court criminal proceeding, based on *Younger* abstention principles); *Salinas v. Bishop*, No. 5:04-CV-498-JMH, 2005 WL 2095756, at *4 (E.D. Ky. Aug. 29, 2005) (declining to entertain Salinas's broad allegations challenging the amount of bond set in his state court criminal proceeding, based on the *Younger* abstention doctrine).

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows

(1)　The Clerk of the Court shall **IDENTIFY** "Mary S. Hammons, Jailer of the Knox County Detention Center," as the Respondent to this proceeding on the CM/ECF cover sheet.

(2) The 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] filed by Byron K. Howard [Record No. 1] is **DENIED**.

(3) This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 27th day of June 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge